ACCEPTED
03-14-00665-CV
4732856
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/1/2015 3:43:15 PM
JEFFREY D. KYLE
CLERK

**Case No. 03-14-00665-CV**

_____

IN THE COURT OF APPEALS FOR THE
THIRD JUDICIAL DISTRICT
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/1/2015 3:43:15 PM
JEFFREY D. KYLE
Clerk

_____

ERIC DRAKE

*Plaintiff - Appellant,*

**vs.**

KASTL LAW FIRM P.C., ET. AL.

*Defendants - Appellees.*

_____

On Appeal from the 200th District Court, Travis County
Case No. D-1-GN-14-001215

_____

**BRIEF OF APPELLEE**

_____

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Defense
Litigation

ANGELA V. COLMENERO
Chief, General Litigation Division

SCOT M. GRAYDON
Texas State Bar No. 24002175
Assistant Attorney General
Office of the Attorney General
General Litigation Division
P.O. Box 12548
Capitol Station
Austin, Texas 78711-2548
Phone (512) 463-2120
Fax (512) 320-0667

ATTORNEYS FOR APPELLEE SEANA
WILLING

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to Rule 38.1(a) of the Texas Rules of Appellate Procedure, Appellee herein provides this Court with the following list of parties and names and addresses of all trial and appellate counsel.

| | |
|---|---|
| Appellant: | Eric Drake, *Pro Se*<br>PO Box 833688<br>Richardson, Texas 75083 |
| Appellee:<br>Attorney for Appellee: | Seana Willing<br>Scot M. Graydon<br>Assistant Attorney General<br>General Litigation Division<br>P.O. Box 12548<br>Austin, Texas 78711-2548<br>512-463-2120<br>512-330-0667 Fax<br>scot.graydon@texasattorneygeneral.gov |

The following were parties at the Trial Court level, but are not involved in the appeal:

| | |
|---|---|
| Defendant:<br>Attorney for Defendant: | Kastl Law P.C.<br>Kristina Kastl<br>Kastl Law P.C.<br>4144 N. Central Expressway, Suite 300<br>Dallas, Texas 75204<br>214-821-0230<br>214-821-0231 Fax<br>kkastl@kastllaw.com |
| Defendant: | Carl Ginsberg |

Attorney for Defendant: David Harris
 Assistant Attorney General
 Law Enforcement Defense Division
 P.O. Box 12548
 Austin, Texas 78711-2548
 512-475-3042
 512-370-9410 Fax
 david.harris@texasattorneygeneral.gov

Defendant: Vikki Ogden
Attorney for Defendant: Frank Waite
 411 Elm Street, Ste 500
 Dallas, Texas 75202
 214-653-7358
 214-653-6134 Fax
 frank.waite@dallascounty.org

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ............................................................ ii

TABLE OF CONTENTS.................................................................................... iv

TABLE OF AUTHORITIES ............................................................................. vii

BRIEF OF APPELLEE SEANA WILLING ..........................................................1

STATEMENT OF THE CASE...............................................................................2

    A.      Nature of the case ..................................................................................2

    B.      Course of the Proceedings .....................................................................2

    C.      Trial Court's Disposition of the Case......................................................4

STATEMENT REGARDING ORAL ARGUMENT ...............................................5

ISSUES PRESENTED (RESTATED) .....................................................................6

STATEMENT OF FACTS .....................................................................................8

    1.      OBJECTION………………..…………………………………………8

    2.      FACTS…………………………………………………………………..8

SUMMARY OF THE ARGUMENT ....................................................................12

ARGUMENT AND AUTHORITIES....................................................................17

    A.      STANDARD OF REVIEW....................................................................17

    B.      DETERMINATION MUST BE AFFIRMED DUE TO WAIVER.........18

ISSUE ONE....................................................................................20

ISSUE TWO...................................................................................22

    1.   Appellant's Lack of Standing ...............................................24

       a.   Appellant has Waived Argument Related to Lack of Standing......25

       b.   Plaintiff Lacks Standing to Bring Claims against Ms. Willing…..26

          (1).   No Injury Caused By Ms. Willing……………………..27

          (2).   No Justiciable Issue Regarding Ms. Willing…………..28

    2.   Ms. Willing has Sovereign Immunity which Bars Appellant's Claims  29

       a.   Appellant Waived Argument Related to Sovereign Immunity…..29

       b.   Sovereign Immunity Bars Claims Against Ms. Willing…………30

          (1).   No Individual Capacity Claims Against Ms. Willing....30

          (2).   No Waiver Applies to Claims Against Ms. Willing…..33

ISSUE THREE................................................................................34

ISSUE FOUR .................................................................................37

ISSUE FIVE ...................................................................................37

    1.   Good Cause to Hear the Matter, Despite the Motion to Recuse ............38

    2.   Alleged Procedural Defect Does Not Bar the Motion ...........................42

ISSUE SIX ....................................................................................44

ISSUE SEVEN ............................................................................................44

ISSUE EIGHT ...........................................................................................45

ISSUE NINE .............................................................................................49

ISSUE TEN ...............................................................................................51

ISSUE ELEVEN ........................................................................................52

PRAYER ........................................................................................................56

CERTIFICATE OF SERVICE ........................................................................58

CERTIFICATE OF COMPLIANCE ...............................................................59

vi

# TABLE OF AUTHORITIES

**Cases**

*Amir–Sharif v. Quick Trip Corp.*,
   416 S.W.3d 914 (Tex.App.–Dallas 2013, no pet.)................................... 17, 18, 19

*Andrade v. NAACP of Austin*,
   345 S.W.3d 1 (Tex. 2011).................................................................... 34, 53

*Ashcroft v. Iqbal*,
   129 S.Ct. 1937 (2009) ........................................................................ 32, 33

*Barron v. State of Tex. Att'y Gen.*,
   108 S.W.3d 379 (Tex.App.-Tyler 2003)...................................................38

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, (2007) ...............................................................................32

*Britton v. Texas Dept. of Criminal Justice*,
   95 S.W.3d 676 (Tex. App.-Houston [1st Dist.] 2002, no pet.)...................... 18, 20

*Brown v. Hearthwood II Owners Ass'n, Inc.*,
   201 S.W.3d 153 (Tex. App.-Houston [14th Dist.] 2006, pet. denied)..................25

*Brown v. Todd*,
   53 S.W.3d 297 (Tex. 2001).......................................................................27

*Chambers v. Equity Bank, SSB*,
   319 S.W.3d 892 (Tex. App.—Texarkana 2010)........................................... 36, 43

*City of Keller v. Wilson*,
   168 S.W.3d 802 (Tex.2005)..................................................................... 17, 45

*City of Paris v. Abbott*,
   360 S.W.3d 567 (Tex. App. - Texarkana 2011, pet. denied)......................... 34, 53

*Cleveland Constr., Inc. v. Levco Constr., Inc.*,
   359 S.W.3d 843, 852 n. 1 (Tex. App.-Houston [1st Dist.] 2012, pet. dism'd) .....25

*Clifton v. Walters*,
   308 S.W.3d 94 (Tex. App.-Fort Worth 2010)....................................................50

*Consol. Petroleum Partners, I, LLC v. Tindle*,
   168 S.W.3d 894 (Tex. App.-Tyler 2005)...........................................................25

*Dir. of Dept. of Agric. & Env't v. Printing Indus. Assoc. of Tex.*,
   600 S.W.2d 264 (Tex. 1980).................................................................... 34, 53

*Dishner v. Huitt–Zollars, Inc.*,
   162 S.W.3d 370 (Tex.App. - Dallas, 2005) ........................................................17

*Drum v. Calhoun*,
   299 S.W.3d 360 (Tex.App.-Dallas 2009, pet. denied)....................... 42, 49, 52, 53

*General Serv. Comm'n v. Little–Tex Insul. Co.*,
   39 S.W.3d 591 n. 1 (Tex.2001)............................................................ 25, 36, 43

*GoDaddy.com, LLC v. Toups*,
   429 S.W.3d 752 (Tex.App.–Beaumont, April 10, 2014, pet. denied) .................32

*Green v. Texas Dep't of Protective & Regulatory Servs.*,
   25 S.W.3d 213 (Tex. App.-El Paso, 2000) .........................................................18

*Gross v. Carroll*,
   339 S.W.3d 718 (Tex.App.—Houston [1st Dist.] 2011, no pet.) ...... 18, 20, 25, 29

*Gulf Marine Warehouse Co. v. Towers*,
   858 S.W.2d 556 (Tex. App.-Beaumont 1993, writ denied).................................36

*In re Hourani*,
   20 S.W.3d 819 (Tex.App.—Houston [14th Dist.] 2000)....................................21

*In re Kim*,
   No. 03-09-00113-CV, 2009 WL 1653856 *2 (Tex.App.-Austin June 2, 2009,
   orig. proceeding) ....................................................................................... 24, 50

*In re Potts*,
   357 S.W.3d 766 (Tex.App.-Houston [14th Dist.] 2011, orig. proceeding)..........42

*In re Potts*,
   399 S.W.3d 685 (Tex.App.Houston [14th Dist.] 2013, orig. proceeding) ..........42

*Lawton v. State*,
   913 S.W.2d 542 (Tex. Crim. App.1995)...........................................................25

*Leonard v. Abbott*,
   171 S.W.3d 451 (Tex. App.-Austin 2005)........................................................29

*Manbeck v. Austin Indep. Sch. Dist.*,
   381 S.W.3d 528 (Tex., August 31, 2012) ........................................................54

*Mann v. Denton County*,
   14 WL 5089189 *3 (Tex.App.-Fort Worth, October 09, 2014) ..........................39

*Mayhew v. Town of Sunnyvale*,
   964 S.W.2d 922 (Tex. 1998).............................................................................28

*Nivens v. City of League City*,
   245 S.W.3d 470, 475 n. 6 (Tex. App.-Houston [1st Dist.] 2007)............ 19, 26, 30

*Perry v. Cohen*,
   285 S.W.3d 137 (Tex.App.–Austin 2009, pet. denied) ......................................17

*Plotkin v. IP Axess Inc.*,
   407 F.3d 690 (5th Cir. 2005)............................................................................33

*Reata Constr. Corp. v. City of Dallas*,
   197 S.W.3d 371 (Tex. 2006).............................................................................54

*Rivera v. State*,
   981 S.W.2d 336 (Tex. App.-Houston [14th Dist.] 1998, no pet.) .......................35

*Rodarte v. Investeco Group, L.L.C.*,
   299 S.W.3d 400, (Tex. App. – Houston [14 Dist.], 2009)...................................27

*Smith v. State*,
959 S.W.2d 1 (Tex. App.-Waco 1998) ...................................................................25

*Spiegner v. Wallis*,
80 S.W.3d 174 (Tex.App.-Waco 2002) .................................................................38

*State Bar v. Gomez*,
891 S.W.2d 243 (Tex. 1994)..................................................................................28

*Texas Dep't of State Health Servs. v. Balquinta*,
429 S.W.3d 726 (Tex. App.-Austin 2014, pet. filed) ...........................................33

*Wakefield v. British Medical Journal Publishing Group, Ltd.*,
449 S.W.3d 172, (Tex. App.–Austin, September 19, 2014, no pet.)....................35

*Watkins v. Pearson*,
795 S.W.2d 257 (Tex. App.-Houston [14th Dist.] 1990, writ denied) .......... 40, 41

*Wild Rose Rescue Ranch v. City of Whitehouse*,
373 S.W.3d 211 (Tex.App.-Tyler 2012, no pet.)..................................................46

*Wilson v. State*,
977 S.W.2d 379 (Tex.Crim.App.1998)..................................................................35

*Wooley v. Schaffer*,
447 S.W.3d 71 (Tex. App—Houston [14th Dist.] 2014, pet. filed) ....................32

**Statutes**

TEX. CIV. PRAC. & REM. CODE § 11.051....................................................................2

TEX. CIV. PRAC. & REM. CODE § 11.052............................................... 16, 47, 49, 50

TEX. CIV. PRAC. & REM. CODE § 11.054 ....................................................... passim

TEX. CIV. PRAC. & REM. CODE § 11.054 (3)..........................................................19

TEX. CIV. PRAC. & REM. CODE § 11.054(1)(A), (B), and (C)................................19

TEX. GOVT. CODE § 74.053(b) ....................................................... 3, 11, 13, 21

TEX. GOVT. CODE § 74.053(d) ....................................................... 21, 22

TEX. GOVT. CODE § 74.056 ....................................................... 34, 35

**Rules**

TEX. R. APP. P. 33.1(a) ....................................................... 48, 52, 53

TEX. R. APP. P. 33.1(a)(1)(A) ....................................................... 19, 26, 30

TEX. R. APP. P. 38.1 ....................................................... 36, 43, 54

TEX. R. APP. P. 38.1(f) .......................................................18

TEX. R. APP. P. 38.1(f, h) .......................................................25

TEX. R. APP. P. 38.1(h) .......................................................25

TEX. R. CIV. P. 166a (c) .......................................................51

TEX. R. CIV. P. 18a (f)(2)(A) ....................................................... passim

TEX. R. CIV. P. 18a and 18b .......................................................37

TEX. R. CIV. P. 18a(a)(3) .......................................................41

TEX. R. CIV. P. 18a(f) .......................................................17

Tex. R. Civ. P. 18b(a) .......................................................36

TEX. R. CIV. P. 21 .......................................................52

TEX. R. CIV. P. 63 .......................................................31

TEX. R. CIV. P. 91a .......................................................32

TEX. R. CIV. P. 91a.1 ...................................................................................32

TEX. R. EVID. 103(a)(1)...............................................................................49

TRAVIS COUNTY DISTRICT COURT LOCAL RULE 3.9 ................................................35

**Case No. 03-14-00665-CV**

_____

IN THE COURT OF APPEALS FOR THE
THIRD JUDICIAL DISTRICT
AUSTIN, TEXAS

_____

ERIC DRAKE

*Plaintiff - Appellant,*

**vs.**

KASTL LAW FIRM P.C., ET. AL.

*Defendants - Appellees.*

_____

On Appeal from the 200th District Court, Travis County
Case No. D-1-GN-14-001215

_____

**BRIEF OF APPELLEE SEANA WILLING**
_____

TO THE HONORABLE COURT OF APPEALS:

COME NOW SEANA WILLING ("Ms. Willing"), Appellee herein, and files this Brief and in support thereof would respectfully show this Court the following:

## STATEMENT OF THE CASE

### A.    Nature of the case

The underlying case was a suit for damages and declaratory and injunctive relief against various defendants.  [CR 5[1]].  The Order on appeal is the Order Declaring Plaintiff a Vexatious Litigant.  [CR 547].

### B.    Course of the Proceedings

On April 28, 2014, Eric Drake ("Appellant") filed an Original Complaint. [CR 5].  Appellant brought claims against Ms. Willing in her official capacity only, alleging claims pursuant to 42 U.S.C. § 1983.  [CR 38, ¶ 92(b) and 39, ¶ 97].

Ms. Willing filed her answer and a plea to the jurisdiction on July 28, 2014, asserting Appellant's lack of standing and her own sovereign immunity as jurisdictional barriers to Appellant's litigation.  [CR 224].   Ms. Willing filed her Motion to Declare Eric Drake a Vexatious Litigant on August 5, 2014, within 90 days of filing an answer, as required by CIV. PRAC. & REM. CODE § 11.051. [CR

---

[1] For clarity and brevity, references to the Clerk's Record will appear as "CR [page no.]", in this case, signifying the first volume of the Clerk's Record, at page 5.  As multiple Reporters Records are present in this case, they will be designated by volume number before "RR" with page number notations, with a colon separating the page number from line numbers, and will look as follows: "[volume no.] RR [page no.]"  For example, 3 RR 14:5-11 means the third volume of the Reporter's Record, page 14, lines 5 to 11.  There are four volumes of the Reporter's Record, with a fifth volume (repeating the Volume 1), which is a hearing before Judge Gus Strauss on August 19, 2014.  References to that transcript will be made with the volume identifier "S" for Strauss, for example: "S RR [page no.]"

263]. Ms. Willing provided Appellant with a Notice of Hearing on August 5 and 7, 2014, with the hearing date of August 19, 2014. [CR 508 and 517].

Appellant filed both a Nonsuit and a Motion to Recuse on August 7, 2014. [CR 521 and 527]. The Order of Nonsuit was signed August 14, 2014. [CR 544].

Appellant filed a Response in opposition to the Motion to Declare Eric Drake a Vexatious Litigant on August 19, 2014 at 8:07 a.m. [CR 556].

On August 19, 2014, the Motion to Declare Eric Drake a Vexatious Litigant was assigned to Judge Gus Strauss. [S RR 4:1-6[2]]. When Appellant objected to the assignment of the case to the visiting Judge Strauss [S RR 5:2-11], Judge Strauss complied with TEX. GOVT. CODE § 74.053(b) and did not hear the case. [S RR 5:17-6:1].

Following this objection, still on August 19, 2014, the Motion to Declare Eric Drake a Vexatious Litigant was assigned to Judge Charles Ramsay for a hearing. [RR 1]. Plaintiff again objected, despite the statutory limit on his ability to object[3]. [3 RR 10:18-11:4]. This was brought to Judge Ramsay's attention. [3RR 13:9-12]. Judge Ramsay proceeded with the hearing and granted the Motion. [3 RR 59:10-11 and CR 547].

---

[2] Again, as the transcript for the hearing before Judge Strauss is also identified as Volume 1, the volume identifier for references to this transcript are preceded by the letter "S" rather than a volume number.

[3] *See* TEX. GOVT. CODE § 74.053(b).

## C. Trial Court's Disposition of the Case

On August 19, 2014, the Trial Court granted Ms. Willing's Motion to Declare Eric Drake a Vexatious Litigant. [3 RR 59:10-11 and CR 547].

Appellant filed post-hearing written responses to the Motion to Declare Eric Drake a Vexatious Litigant on August 28 and September 8, 2014. [CR 564 and 572].

On September 15, 2014, Appellant sought a writ of mandamus with this Court. *In re Eric Drake*, Cause No. 03-14-00583-CV, in the Third Court of Appeals, Texas. The writ was denied.

On October 17, 2014, Appellant filed a Notice of Appeal. [CR 642].

## STATEMENT REGARDING ORAL ARGUMENT

Appellee requests oral argument only to the extent that this Court believes that such oral argument would assist the Court in determining the contested matters of law as presented in the record.

**ISSUE ONE**
Judge Charles Ramsay did not abuse his discretion when he did not recuse himself from hearing the August 19, 2014 because Plaintiff objected based on his status as an assigned judge.

**ISSUE TWO**
The Trial Court did not abuse its discretion by finding that Appellant had no reasonable probability of prevailing against Ms. Willing.

**ISSUE THREE**
Whether or not Warren Vavra had the proper legal authority to appoint Judge Charles Ramsay to rule on Seana Willing August 19, 2014 hearing.

**ISSUE FOUR**
Issues Regarding Judges David Phillips and Stephen Yelenosky are Moot.

**ISSUE FIVE**
The Trial Court Did not Abuse its Discretion in Hearing this Matter Despite the Motion to Recuse.

**ISSUE SIX**
Judge Charles Ramsay did not abuse his discretion in hearing the August 19, 2014 based on his status as an assigned judge.

**ISSUE SEVEN**
The Trial Court did not abuse its discretion in signing the order declaring the Appellant as a vexatious litigant.

**ISSUE EIGHT**
Appellant's Right to Due Process Was Not Violated.

## ISSUE NINE
**The Trial Court did not abuse its discretion in signing the August 19 Order rather than rule on other matters.**


## ISSUE TEN
**The Trial Court did not abuse its discretion in signing the August 19, 2014 order declaring Appellant vexatious because Ms. Willing's motion to declare Drake as a vexatious litigant was not procedurally defective.**


## ISSUE ELEVEN
**The Trial Court did not abuse its discretion in determining that sovereign immunity demonstrated that there was no reasonable probability that Appellant would prevail in the litigation against Ms. Willing.**

**STATEMENT OF FACTS**

1. **OBJECTION:** Ms. Willing objects to consideration of the Statement of Facts in Appellant's Brief [Appellant's Brief, pages 6-12] because it does not comply with the requirements of Tex. R. App. P. 38.1(g) in that no portion of it cites any reference to the record, and because it contains argument.

2. **FACTS:** Ms. Willing is the Executive Director of the Texas Commission on Judicial Conduct, a state official. [3 RR 10:10-12]. Eric Drake ("Appellant") made a complaint to Ms. Willing[4] regarding a judge. [CR 6, ¶ 2]. Appellant was dissatisfied with Ms. Willing's investigation[5]. [CR 6, ¶ 2].

On April 28, 2014, Appellant filed an Original Complaint. [CR 5]. Appellant brought claims against Ms. Willing in her official capacity only, alleging claims pursuant to 42 U.S.C. § 1983. [CR 38, ¶ 92(b) and 39, ¶ 97]. Appellant seems to suggest he has some constitutional right to the outcome of an administrative investigation of a judge. [CR 39, ¶ 97].

Ms. Willing filed her Motion to Declare Eric Drake a Vexatious Litigant on August 5, 2014. [CR 263].

---

[4]  Although the Complaint refers to Seana Williams, Ms. Willing assumes this refers to her.

[5]  It is unclear which actions Appellant alleges were performed by Seana Willing and which actions are alleged of Seana Williams, who is a different person identified in Appellant's Complaint. [CR 6, ¶ 2, in which Appellant seeks relief against "Kastl Law firm, Vikki Ogden, Seana Williams, CRBC (for its failure to investigate a serious crime because of the Plaintiffs race) and against Seana Willing…"].

Prior to filing the instant lawsuit, Appellant had been found to be a vexatious litigant in federal court. [CR 287: "the Court agrees with the Magistrate Judge that Plaintiff is a vexatious litigant."]. That court entered a pre-filing order against Appellant. [CR 288].

Prior to filing the instant lawsuit, Appellant had also been found to be a vexatious litigant in state court. Appellant was declared a vexatious litigant in the 44th Judicial District Court of Dallas County, Texas in 2004. [CR 499]. In a separate litigation in the 44th Judicial District Court of Dallas County, Texas, Appellant was again declared a vexatious litigant between 2009 and 2010. [CR 464-465]. Appellant appealed this determination, but was unsuccessful on appeal. [CR 467].

Nothing in the record indicates that any of these orders has been overturned or vacated[6].

In the seven years before the filing of that motion, Appellant commenced, prosecuted, or maintained *as a pro se litigant* at least five litigations other than in small claims court that had been finally determined adversely to him. [CR 267-277 and 283-500]. During that time, he had commenced, prosecuted, or

---

[6] Other orders have also been entered against Appellant declaring him a vexatious litigant, and some of them have been overturned on appeal. However, nothing in the record suggests that the Orders discussed *supra* have been vacated.

maintained *as a pro se litigant* at twenty five litigations that were demonstrated to the Trial Court. [3 RR 25:18-26:6; 4 RR 14-509].

On August 8, 2014, after Ms. Willing filed her Motion to Declare Eric Drake a Vexatious Litigant, but before the hearing on the matter, Appellant sent letters to state officials and apparently the media. [4 RR 11-12]. In those letters, Appellant threatens to file lawsuits against numerous state officials and their spouses to avoid any immunity that a state official has. [4 RR 11-12]. These state officials include three District Court judges in Travis County, then-Attorney General Greg Abbott, and counsel for Ms. Willing. [4 RR 11-12]. Appellant threatens to call news conferences and place advertisements in newspapers all across the country. [4 RR 11-12]. Appellant made these threats after a District Court judge correctly determined that a discovery matter could not be heard, as, by statute, litigation was stayed for everything other than consideration of the vexatious litigant matter. [2 RR 9:10-19].

On August 7, 2014, Appellant filed a Motion for Nonsuit [CR 527] and also a Motion to Recuse, in which he complained solely about the ruling of the judge. [CR 521, ¶ 4]. In his Motion to Recuse, Appellant names numerous specific judges. [CR 522, ¶ 4]. None of these judges had any involvement with the vexatious litigant matter.

On August 19, 2014 at 8:07 a.m., Appellant filed a Response in opposition to the Motion to Declare Eric Drake a Vexatious Litigant. [CR 556].

On August 19, 2014, the Motion to Declare Eric Drake a Vexatious Litigant was assigned to Judge Gus Strauss. [S RR 4:1-6]. At that time, Appellant objected to the assignment of the case to the visiting Judge Strauss. [S RR 5:2-11]. Judge Strauss complied with TEX. GOVT. CODE § 74.053(b) and did not hear the case. [S RR 5:17-6:1].

Following this objection, still on August 19, 2014, the Motion to Declare Eric Drake a Vexatious Litigant was assigned to Judge Charles Ramsay for a hearing. [RR 1]. Plaintiff again objected, despite the statutory limit on his ability to object[7]. [3 RR 10:18-11:4]. This was brought to Judge Ramsay's attention. [3RR 13:9-12]. Judge Ramsay proceeded with the hearing and granted the Motion. [3 RR 59:10-11 and CR 547].

Appellant filed post-hearing written responses to the Motion to Declare Eric Drake a Vexatious Litigant on August 28 and September 8, 2014. [CR 564 and 572].

---

[7] *See* TEX. GOVT. CODE § 74.053(b).

11

## SUMMARY OF THE ARGUMENT

The decision of the Trial Court must be affirmed because Appellant has failed to attack all independent grounds that support an adverse ruling. Appellant has not disputed that he lacked standing to bring claims against Ms. Willing, which independently satisfied the requirement that Ms. Willing prove that Appellant has no reasonable probability of success against her. Further, Appellant has not disputed either of the two independent findings regarding Appellant's vexatious history of litigation, either of which satisfies the remaining requirement to declare Appellant a vexatious litigant. Because these independent reasons satisfy the requirement of TEX. CIV. PRAC. & REM. CODE § 11.054, the determination of the Trial Court must be affirmed.

In his Brief, Appellant presents 11 issues, but the majority of them present issues not presented to the Trial Court and not preserved for appeal, or reiterations of arguments in his other issues.

Appellant's First Issue argues that Judge Ramsay should not have heard the case because Appellant objected to him as a visiting judge. Appellant had previously objected to a visiting judge for the hearing on August 19, 2014, and by statute, he may only do so once. Judge Ramsay was correct that he was able to hear this matter. Appellant's argument is based on a statute that is no longer valid

and a case that interpreted the previous statute. The current statute is clear that only one such objection is allowed per side. TEX. GOVT. CODE § 74.053(b).

Appellant's Second Issue argues that Ms. Willing did not demonstrate that Appellant had no reasonable probability of prevailing against Ms. Willing. The reasons that Appellant had no probability of prevailing against Ms. Willing were jurisdictional, and Appellant never presented any argument or authority on the subject in the Trial Court, and may not raise his arguments for the first time on appeal. Moreover, Appellant's lack of standing and Ms. Willing's sovereign immunity preclude Appellant's claims, so there was no chance he could prevail against Ms. Willing.

Appellant's Third Issue argues that the Court Administrator did not have the legal authority to assign Judge Ramsay to hear this matter. Appellant never presented any argument or authority on the subject in the Trial Court, and may not raise his arguments for the first time on appeal. Further, even in his Brief it is inadequately briefed and should not be considered. Finally, as a matter of law, there is a presumption that the judge was duly appointed and in regular discharge of his duties. Appellant cites to nothing in the record to support his assertions, let alone overcome that presumption.

Appellant's Fourth Issue argues that Appellant asks this Court to vacate orders of recusal and referral by two judges who did not hear any matter in this

litigation. This issue is wholly moot, and has no effect on the order that Appellant is a vexatious litigant.

Appellant's Fifth Issue argues that Judge Charles Ramsay could not entertain a hearing on Ms. Willing's Motion to Declare Eric Drake a Vexatious Litigant, pursuant to a motion to recuse that was defective on its face and did not seek to recuse Judge Ramsay, and that a procedural defect related to an unspecified Rule bars consideration of the Motion to Declare Eric Drake a Vexatious Litigant. Even if Judge Ramsay he had been named in the motion to recuse, Judge Ramsay determined that good cause existed to hear the matter, authorized by law pursuant to TEX. R. CIV. P. 18a (f)(2)(A). With respect to the unspecified procedural defect, a failure to confer before the filing of a motion, this matter was inadequately briefed, and Appellant has never even suggested any harm or prejudice to him, particularly in light of the fact that counsel for Ms. Willing conferred with Appellant about the hearing on the matter some 12 days before Appellant appeared at the hearing.

Appellant's Sixth Issue is a repackaging of his First Issue. As such, a summary of the argument is listed *supra*.

Appellant's Seventh Issue argues that counsel for Ms. Willing committed fraud on the Trial Court to secure the Order Declaring Plaintiff a Vexatious Litigant. The alleged fraud was counsel for Ms. Willing informing the Trial Court

14

that while he did not confer with Appellant prior to filing the motion, he did confer with Appellant in person on August 7, 2014 regarding the hearing and confirming that Appellant was opposed to the motion. There is nothing in the record that suggests that the conferring played any part in Judge Ramsay entering the order that is appealed.

Appellant's Eighth Issue argues that Appellant's right to due process was violated because he was prevented from calling witnesses at the hearing. Appellant never attempted to call witnesses, even though he had previously asked the court for a hearing so that he could call live witnesses. Appellant never attempted to call witnesses related to the vexatious litigant motion, never asked for a continuance, and never explained how witness testimony would operate to cure the jurisdictional defect of his lack of standing or change his pleadings in such a way as to allow him to evade sovereign immunity. Indeed, no witness could provide testimony to fix defects in Appellant's pleading. Accordingly, there was no violation of Appellant's due process rights.

Appellant's Ninth Issue argues that the Trial Court abused its discretion by ruling on the Motion to Declare Eric Drake a Vexatious Litigant before addressing motions to transfer venue, special exceptions, or other matters. As a matter of law, the Trial Court was required to consider the Motion to Declare Eric Drake a

15

Vexatious Litigant before <u>any</u> other matters. TEX. CIV. PRAC. & REM. CODE §11.052.

Appellant's Tenth Issue argues that procedural defects preclude the order declaring him a vexatious litigant. He reiterates his argument about the Rule requiring parties to confer and argument about his motion to recuse judges that does not include Judge Ramsay. Then, for the first time on appeal, Appellant argues that he had inadequate time to respond to the motion, despite having 12 days of notice and filing multiple post-hearing responses and not asking for a continuance. Although he suggests he was surprised that the hearing would take place on August 19, the record conclusively proves that he filed a written response to the motion that was the subject of the hearing at 8:07 a.m. on the date of the hearing.

Appellant's Eleventh Issue argues that Ms. Willing was not protected by sovereign immunity. Appellant suggests that he brought claims against Ms. Willing in her individual capacity, although there is nothing in his pleadings to support this. Further, despite participating in the hearing and filing numerous responses to the Motion to Declare Eric Drake a Vexatious Litigant, Appellant has never made the suggestion that he intended claims against Ms. Willing other than her official capacity.

16

## ARGUMENT AND AUTHORITIES

### A.     STANDARD OF REVIEW

The standard for review of Appellant's issues is an abuse of discretion standard. *See Amir–Sharif v. Quick Trip Corp*., 416 S.W.3d 914, 918 (Tex.App.–Dallas 2013, no pet.) (review of a trial court's declaration that a litigant is vexatious uses an abuse of discretion standard); see also *See* TEX. R. CIV. P. 18a(f); *Dishner v. Huitt–Zollars, Inc*., 162 S.W.3d 370, 374 (Tex.App. - Dallas, 2005)(review of an order denying a motion to recuse for an abuse of discretion). A trial court abuses its discretion when it acts without reference to any guiding rules and principles. *Perry v. Cohen*, 285 S.W.3d 137, 142 (Tex.App.–Austin 2009, pet. denied).

A trial court's findings under chapter 11 of the Texas Civil Practice and Remedies Code may be reviewed for legal and factual sufficiency because section 11.054 requires the trial court to make evidentiary findings. *Id*. (internal citations omitted). When examining a legal sufficiency challenge, an appellate court reviews the evidence in the light most favorable to the challenged finding and indulges every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex.2005). The ultimate test for legal sufficiency is whether the evidence would enable a reasonable and fair-minded fact finder to reach the verdict under review. *Id*., at 827. The fact finder is the sole judge of witness credibility and the weight to give to the testimony. See *Id*., at 819.

## B.   DETERMINATION MUST BE AFFIRMED DUE TO WAIVER

Generally, when an appellant fails to attack all independent grounds that support an adverse ruling, the ruling must be affirmed. *See Gross v. Carroll*, 339 S.W.3d 718, 723 (Tex.App.—Houston [1st Dist.] 2011, no pet.) (*citing Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 681 (Tex.App.-Houston [1st Dist.] 2002, no pet.)).  An argument not raised in Appellant's brief and has been waived. *See* TEX. R. APP. P. 38.1(f); *see also Green v. Texas Dep't of Protective & Regulatory Servs.*, 25 S.W.3d 213, 219 (Tex. App.-El Paso, 2000).

A court may find a plaintiff a vexatious litigant if the defendant shows: (1) there is not a reasonable probability the plaintiff will prevail in the litigation; and (2) there is other evidence regarding previous litigations by the defendant.  TEX. CIV. PRAC. & REM. CODE § 11.054; *see also Amir-Sharif v. Quick Trip Corp.*, 416 S.W.3d 914, 919 (Tex. App.–Dallas, November 25, 2013).   Other evidence involving previous litigation may include evidence that the plaintiff, in the seven year period immediately preceding the date the defendant makes the motion under section 11.051, has commenced, prosecuted, or maintained as a *pro se* litigant at least five litigations other than in small claims court that have been (A) finally determined adversely to the plaintiff; (B) permitted to remain pending at least two years without having been brought to trial or hearing; or (C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules

18

of procedure. TEX. CIV. PRAC. & REM. CODE § 11.054(1)(A), (B), and (C); *see also Amir-Sharif*, 416 S.W.3d at 919. In the alternative, a court may find a plaintiff to be a vexatious litigant if the plaintiff has previously been declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts, transition, or occurrence. TEX. CIV. PRAC. & REM. CODE § 11.054 (3).

In the instant case, Appellant does not attack all independent grounds that support the Trial Court's determination that he is a vexatious litigant. Specifically, Appellant does not contest the Trial Court's determination that there was no reasonable probability that Appellant would prevail in his litigation against Ms. Willing on the basis that he lacks standing to bring claims against her. [CR 554]. As discussed *infra*, Appellant has also waived any review of this matter by failing to raise it before the Trial Court., and may not dispute it for the first time on appeal. TEX. R. APP. P. 33.1(a)(1)(A) (to preserve a complaint for appellate review, the record must show that appellant made the complaint to the trial court and stated the grounds for ruling with sufficient specificity that the trial court was made aware of the complaint); *see also Nivens v. City of League City*, 245 S.W.3d 470, 475 n. 6 (Tex. App.-Houston [1st Dist.] 2007) (finding that plaintiffs failed to preserve their argument against granting the City's plea to the jurisdiction when plaintiffs did not raise the issue before the trial court).

19

Additionally, Appellant does not attack any of the evidence regarding previous litigations by the Appellant. The Trial Court made the following specific findings:

> The Court also **FINDS** that Eric Drake has in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained at least five litigations as a *pro se* litigant other than in a small claims court that have been finally determined adversely to Eric Drake.
>
> The Court also **FINDS** that Eric Drake has previously been declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts, transition, or occurrence.

[CR 554 (emphasis in the original)].

Because these undisputed matters are sufficient to meet Ms. Willing's burden under Tex. Civ. Prac. & Rem. Code § 11.054, the ruling of the Trial Court must be affirmed. *See Gross*, 339 S.W.3d at 723; *Britton*, 95 S.W.3d at 681.

## ISSUE ONE

**Judge Charles Ramsay did not abuse his discretion when he did not recuse himself from hearing the August 19, 2014 because Plaintiff objected based on his status as an assigned judge.**

Appellant's first issue centers on whether Judge Charles Ramsay was obligated to recuse himself because Plaintiff verbally objected to Judge Ramsay hearing the case. [3 RR 10:18-11:4]. In support of his position, Appellant cites a case, statute that is outdated and no longer says what he claims.

20

TEX. GOVT. CODE § 74.053(d) does not authorize an unlimited number of objections to a visiting judge. TEX. GOVT. CODE § 74.053(d)[8]. Instead, the number of times a part may object to the assignment of a judge is explicitly limited to <u>one</u>. TEX. GOVT. CODE § 74.053(b). "The limits section 74.053 imposes were designed to give precedence to court administration and to restrict attempts at forum shopping that inevitably result when litigants are given even a small measure of control over determining who will hear their case." *In re Hourani*, 20 S.W.3d 819, 825 (Tex.App.—Houston [14th Dist.] 2000).

On August 19, 2014, the Motion to Declare Eric Drake a Vexatious Litigant was assigned to Judge Gus Strauss. [S RR 4:1-6]. At that time, Appellant objected to the assignment of the case to the visiting Judge Strauss. [S RR 5:2-11]. Judge Strauss complied with TEX. GOVT. CODE § 74.053(b) and did not hear the case. [S RR 5:17-6:1].

After Plaintiff objected once to a visiting judge, the case was assigned to visiting Judge Charles Ramsay to hear the matter. [RR 1]. Plaintiff again objected, despite the statutory limit on his ability to object. [3 RR 10:18-11:4]. This was brought to Judge Ramsay's attention. [3RR 13:9-12].

---

[8] That section of the statute reads as follows: "(d) An assigned judge or justice who was defeated in the last primary or general election for which the judge or justice was a candidate for the judicial office held by the judge or justice may not sit in a case if either party objects to the judge or justice." TEX. GOVT. CODE § 74.053(d).

Plaintiff has identified nothing in the record to suggest that Judge Ramsay was "defeated in the last primary or general election for which the judge or justice was a candidate for the judicial office held by the judge or justice" as required by TEX. GOVT. CODE § 74.053(d). Moreover, even if that statute had not changed 13 years ago, Appellant identifies no evidence in the record to support his suggestion that Judge Ramsay was a "former judge," rather than a "retired judge" or any other status of judge.

Accordingly, Judge Ramsay was under no obligation to refuse to hear the matter before him on August 19, 2014, and his order is valid.

## ISSUE TWO

**The Trial Court did not abuse its discretion by finding that Appellant had no reasonable probability of prevailing against Ms. Willing.**

The statute titled "Criteria for Finding Plaintiff a Vexatious Litigant" begins as follows: "A court may find a plaintiff a vexatious litigant if the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant…" TEX. CIV. PRAC. & REM. CODE § 11.054.

In his second issue, Appellant suggests that Appellee did not demonstrate that there is not a reasonable probability that Appellant would prevail in the

22

litigation against Ms. Willing[9]. Appellant bases his arguments on a lack of evidence admitted in the August 19, 2014 hearing.

This argument ignores the actual reason that the Trial Court identified in making its determination. [CR 549-550 and 554]. The Trial Court found that there was no reasonable probability of success against Ms. Willing based on Appellant's own jurisdictional defects in Appellant's pleadings. [CR 264-265; 3 RR 26:21-27:15]. Ms. Willing originally brought these defects to the Court's attention and to Appellant's attention in her Plea to the Jurisdiction. [CR 224-233].

In entering its order, the trial court made the following Finding:

… Eric Drake does not allege or produce any evidence to establish a waiver of the sovereign immunity of Defendant Seana Willing with respect to his claims, nor does Eric Drake have standing to bring any cause of action against Defendant Seana Willing.

Accordingly, after reviewing the record and all the pleadings in the case, this Court **FINDS** that there **IS NOT** a reasonable probability that Eric Drake will prevail.

[CR 554 (emphasis in the original)].

Accordingly, Appellant must demonstrate that the trial court abused its discretion in finding that 1) Appellant did not have standing to bring claims against

---

[9] Although Appellant argues that Ms. Willing must demonstrate that Appellant had no reasonable probability that he would prevail against *any* defendant, Appellant cites no legal authority to support such an argument, and the statute does not say what Appellant argues. TEX. CIV. PRAC. & REM. CODE § 11.054.

23

Ms. Willing, and 2) that Ms. Willing's sovereign immunity did not bar Appellant's claims.

### 1. Appellant's Lack of Standing

Appellant was put on notice that his claims against Ms. Willing were barred by sovereign immunity on or about July 29, 2014, when Ms. Willing filed her Plea to the Jurisdiction. [CR 224, 227-229]. As discussed *infra*, Appellant has waived any appellate issue regarding lack of standing because he did not raise it in his Appellant's Brief, nor did he raise any argument before the trial court. He may not do so now, as a matter of law. Even if he had preserved such an issue, his pleadings make it clear that Appellant lacks standing to bring claims against Ms. Willing.

As this Court has previously determined, if a plaintiff lacks standing to assert his complaints, that plaintiff has no reasonable probability of victory. *In re Kim*, No. 03–09–00113–CV, 2009 WL 1653856[10] *2 (Tex. App.-Austin June 2, 2009, orig. proceeding) (citations omitted).

---

[10] This case is publicly available online on March 24, 2015, at http://www.search.txcourts.gov/SearchMedia.aspx?MediaVersionID=6e546e3a-de7c-4c45-a09c-8d4f887f3102&coa=coa03&DT=Opinion&MediaID=a621d6b8-16bf-472c-8f91-44060e575a35. That plaintiff's lack of standing demonstrating no reasonable probability of victory is on page 4-5 of that document.

The determination of the trial court that there is not a reasonable probability that Appellant would prevail in the litigation against Ms. Willing must be affirmed, as a matter of law. *See Gross v. Carroll*, 339 S.W.3d at 723.

### a. Appellant has Waived Argument Related to Lack of Standing

"The [appellant's] brief must state concisely all issues or points presented for review." TEX. R. APP. P. 38.1(f, h). Failure to state an issue or cite authority in support of an issue waives the consideration of that issue on appeal. *See General Serv. Comm'n v. Little–Tex Insul. Co*., 39 S.W.3d 591, 598 n. 1 (Tex.2001)*; see also Cleveland Constr., Inc. v. Levco Constr., Inc*., 359 S.W.3d 843, 852 n. 1 (Tex. App.-Houston [1st Dist.] 2012, pet. dism'd) (failure to cite authority or advance substantive analysis waives appellate issue); *Brown v. Hearthwood II Owners Ass'n, Inc*., 201 S.W.3d 153, 161 (Tex. App.-Houston [14th Dist.] 2006, pet. denied) (same); *Consol. Petroleum Partners, I, LLC v. Tindle*, 168 S.W.3d 894, 900 (Tex. App.-Tyler 2005) (*citing* TEX. R. APP. P. 38.1(h)); *see also Smith v. State*, 959 S.W.2d 1, 17 (Tex. App.-Waco 1998) (*citing Lawton v. State*, 913 S.W.2d 542, 558 (Tex. Crim. App.1995).

Appellant's Brief is wholly silent on the issue of Appellant's standing to bring claims against Ms. Willing. He has presented no argument or authority to suggest that he established such standing.

Moreover, Appellant never disputed the fact that he lacked standing, despite appearing at the hearing on August 19, 2014, and filing three separate written responses to the Motion to Declare Eric Drake a Vexatious Litigant. [3 RR 1; CR 556, 564, and 572]. He may not wholly ignore the basis for the Trail Court's decision but dispute it for the first time on appeal. TEX. R. APP. P. 33.1(a)(1)(A) (to preserve a complaint for appellate review, the record must show that appellant made the complaint to the trial court and stated the grounds for ruling with sufficient specificity that the trial court was made aware of the complaint); *see also Nivens*, 245 S.W.3d at 475 n. 6 (plaintiffs failed to preserve their argument against granting the City's plea to the jurisdiction when plaintiffs did not raise the issue before the trial court).

Accordingly, he has waived any consideration of his standing, and may not now dispute that there was no reasonable probability Appellant would succeed in his litigation against Ms. Willing based on lack of standing.

Even if he had raised arguments related to standing, those arguments must fail, as a matter of law, as discussed *infra*.

### b. Plaintiff Lacks Standing to Bring Claims against Ms. Willing

Regardless of the capacity in which Ms. Willing was sued, Appellant did not have standing to bring claims against her as a matter of law. Accordingly, the trial court did not abuse its discretion when it determined that Appellant did not have a

26

reasonable likelihood that he would prevail against Ms. Willing.

Under Texas law, a party has standing to bring suit if (1) it has suffered a distinct injury, and (2) there exists a real controversy that will be determined by the judicial determination sought. *Brown v. Todd*, 53 S.W.3d 297, 305 (Tex. 2001). This second component of standing refers to presentation of a justiciable issue. *Rodarte v. Investeco Group, L.L.C.*, 299 S.W.3d 400, (Tex. App. – Houston [14 Dist.], 2009).

### (1). No Injury Caused By Ms. Willing

Appellant did not suffer a distinct injury at the hands of Ms. Willing. In his Complaint, he does not identify any actual injury in connection with Ms. Willing. Appellant is critical of her investigation after he made a complaint against a judge [CR 6, ¶ 2, and 38, ¶ 92(b)] and makes the conclusory assertion that by doing so, Ms. Willing "deprived the Plaintiff of his rights privileges under the constitution and due process," [CR 38, ¶ 92(b)]. Appellant identifies the following rights he opines were violated: "the Plaintiff (sic) First Amendment Rights have been violated, his Equal Protection Rights have been violated, his Due Process clause." [CR 39, ¶ 97].

Conclusory assertions notwithstanding, Appellant has never identified any actual injury to a constitutionally protected right in connection with Ms. Willing. Despite his opinion, Appellant does not identify any legally cognizable injury to

27

his "First Amendment Rights," or articulate any way in which Ms. Willing violated his "Equal Protection Rights," particularly in light of the fact that Appellant presented no factual allegation that his race had anything to do with Ms. Willing's investigation. Plaintiff has not alleged that his complaints against members of the judiciary were treated any differently than similar claims made by other citizens against other judges or justices. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 939 (Tex. 1998). Appellant's conclusory assertions alone are insufficient.

## (2). No Justiciable Issue Regarding Ms. Willing

To present a justiciable issue, a lawsuit must involve a real controversy that will be resolved by the judicial relief sought. *See e.g., State Bar v. Gomez*, 891 S.W.2d 243, 245-46 (Tex. 1994).

While Appellant is correct that under some circumstances, an official in her official capacity may be subject to declaratory and injunctive relief, that is not the case in this particular litigation. In this case, Appellant wanted the trial court to judicially review the outcome of an investigation by the State Commission on Judicial Conduct [CR 40, second (c)], but identified no legal authority to suggest judicial review is appropriate, or even within the jurisdiction of the trial court:

> "Eric Drake does not identify any legal authority that allows for a judicial review of such an investigation, nor does he explain how this Court should have jurisdiction to evaluate the judicial conduct of another district judge, when such jurisdiction is provided under Article V, sec. 1-a (l0) of the Texas Constitution to reside with the

28

Commission on Judicial Conduct."

[CR 550]. Thus, the relief sought is not available, and Appellant does not have standing to bring claims against Ms. Willing as a matter of law.

**2. Ms. Willing has Sovereign Immunity which Bars Appellant's Claims**

As discussed *infra*, Appellant has waived any appellate issue regarding Ms. Willing's sovereign immunity because he did not raise any waiver or abrogation of her immunity before the Trail Court. He may not do so now, as a matter of law. Even if he had preserved such an issue, his pleadings make it clear that Appellant's claims against Ms. Willing are, as a matter of law, barred by sovereign immunity.

This Court has previously held that an official's entitlement to sovereign immunity meets the "burden of showing that there was no reasonable probability that [a plaintiff] would prevail." *Leonard v. Abbott*, 171 S.W.3d 451, 459 (Tex. App.-Austin 2005).

Accordingly, the determination of the trial court that there is not a reasonable probability that Appellant would prevail in the litigation against Ms. Willing must be affirmed, as a matter of law. *See Gross*, 339 S.W.3d at 723.

**a. Appellant Waived Argument Related to Sovereign Immunity**

Appellant was put on notice that his claims against Ms. Willing were barred by sovereign immunity on or about July 29, 2014, when Ms. Willing filed her Plea to the Jurisdiction. [CR 224, 229-231]. Appellant never disputed the fact that his

claims were barred by sovereign immunity, despite appearing at the hearing on August 19, 2014, and filing three separate written responses to the Motion to Declare Eric Drake a Vexatious Litigant. [3 RR 1; CR 556, 564, and 572]. He may not dispute it for the first time on appeal. TEX. R. APP. P. 33.1(a)(1)(A); *Nivens*, 245 S.W.3d at 475 n. 6.

### b. Sovereign Immunity Bars Claims Against Ms. Willing

At no point does Appellant suggest to the Trail Court that sovereign immunity does not bar his claims against Ms. Willing. Now, for the first time on appeal, he makes this argument based on two newly raised positions: 1) that he also brought claims against Ms. Willing in her individual capacity, and 2) that his injunctive and declaratory relief are not barred by sovereign immunity. Neither is accurate, and because neither was even raised at the Trial Court, Appellant may not now argue that the Trial Court abused its discretion by disregarding such arguments.

### (1). No Individual Capacity Claims Against Ms. Willing

In his Complaint, it is clear that Appellant brought his claims against Ms. Willing in her official capacity only. [CR 37, ¶ 92: "Seana Willing in her official capacity"). Appellant never made any reference in his Complaint to any capacity of Ms. Willing other than her official capacity. [CR 37, ¶ 92]. Appellant does not cite to anything in the record to support his suggestion that Ms. Willing was sued

30

in her individual capacity. Conversely, Appellant was on notice that his Complaint only sought claims against Ms. Willing in her official capacity in Ms. Willing's Plea to the Jurisdiction [CR 224 and Fn 1], and again in her Motion to Declare Eric Drake a Vexatious Litigant [CR 263], and again in the hearing on this matter [3 RR 26:21-27:15].

Appellant never made any suggestion in the hearing before the trial court, or in his response to the Motion to Declare Eric Drake a Vexatious Litigant that he intended to bring suit against Ms. Willing in her individual capacity. [CR 556, 564, and 572]. He may not do so now, without any support from the Complaint he actually filed, and his Amended Responses should be disregarded as untimely and filed in violation of TEX. R. CIV. P. 63, as Appellant does not demonstrate that he received, or even sought, permission to file these documents, which were not filed within seven days of the hearing. [CR 547, 564[11], and 572].

Even if this Court interprets the Complaint and interjects an individual capacity claim where none was stated, it would not show an abuse of discretion by the Trial Court, nor would it establish a reasonable probability Appellant would succeed in his litigation against Ms. Willing. In the instant case, Appellant alleged

---

[11]  It is noteworthy that the only time Appellant suggested any individual capacity claim against Ms. Willing, he utterly failed to identify any portion of his Complaint that made such a claim [CR 565, ¶ 4], and that he made this suggestion for the first time 21 days after he filed his Nonsuit of all claims [CR 527] and 9 days after the Trial Court hearing on this matter. [*Compare* CR 564 *with* 547].

no facts in his Complaint that would entitle him to the outcome of his choice in any investigation conducted by the Commission on Judicial Conduct, or that would suggest that his dissatisfaction equates to the loss of some property interest in the outcome of an investigation.

If Appellant had made any timely suggestion that he brought claims against Ms. Willing In her individual capacity, the lack of pleading of any *prima facie* claim against Ms. Willing would simply result in her moving for dismissal under TEX. R. CIV. P. 91a, as Appellant's claims against Ms. Willing would have no basis in law. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.1. Courts look to case law interpreting federal rule of civil procedure 12(b)(6) in making their determination on a motion under Rule 91a. See, e.g., *Wooley v. Schaffer*, 447 S.W.3d 71 (Tex. App—Houston [14th Dist.] 2014, pet. filed), *GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex.App.–Beaumont, April 10, 2014, pet. denied) ("[w]hile not identical, Rule 91a is analogous to Rule 12(b)(6)…"). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual

32

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

### (2). No Waiver Applies to Claims Against Ms. Willing

Sovereign immunity generally extends to Texas state officials who are sued in their official capacities, because that is merely "another way of pleading an action against the entity of which [the official] is an agent." *Texas Dep't of State Health Servs. v. Balquinta*, 429 S.W.3d 726, 750 (Tex. App.-Austin 2014, pet. filed) Consequently, to invoke the district court's subject-matter jurisdiction to adjudicate their claims, Plaintiff has the burden of pleading or presenting facts that would demonstrate his claims either come within a legislative waiver of immunity or avoid implicating immunity in the first instance. *Id*.

Ms. Willing demonstrated to the Court that Appellant's claims were barred by sovereign immunity [CR 229-231, 264-265 and 3 RR 26:21-27:15]. Appellant never provided the Trial Court with any argument or case law to suggest a waiver or abrogation of Ms. Willing's immunity. To the extent that Appellant suggests for the first time on appeal that his declaratory and injunctive relief is not barred by

sovereign immunity, he cannot overcome the hurdle identified to the Trial Court regarding his failure to plead a viable constitutional claim against Ms. Willing. [CR 23-231]. Because Appellant did not plead a viable constitutional claim, he may not rely on any waiver of Ms. Willing's sovereign immunity. *See generally Andrade v. NAACP of Austin*, 345 S.W.3d 1, 11 (Tex. 2011) (official retained immunity from suit unless plaintiffs pleaded "viable claim"); *Dir. of Dept. of Agric. & Env't v. Printing Indus. Assoc. of Tex.*, 600 S.W.2d 264, 265 (Tex. 1980); *City of Paris v. Abbott*, 360 S.W.3d 567, 583 (Tex. App. - Texarkana 2011, pet. denied) (noting that governmental defendant remains immune from suit absent plaintiff's pleading of viable claim). Accordingly, the Trial Court did not abuse its discretion by determining that there was no reasonable probability that Appellant would prevail in the litigation against Ms. Willing. [CR 554]. This determination should be affirmed.

## ISSUE THREE

**Whether or not Warren Vavra had the proper legal authority to appoint Judge Charles Ramsay to rule on Seana Willing August 19, 2014 hearing.**

In his third issue, Appellant complains that the hearing in question was heard before a judge whom he had not attempted to recuse, and that Warren Vavra does not have the legal authority to assign a case to be heard in a court to which a visiting judge has been assigned, apparently suggesting that the assignment was improper, pursuant to TEX. GOVT. CODE § 74.056. A procedural irregularity in the

34

assignment of an otherwise qualified former judge may not be objected to for the first time on appeal. *Wilson v. State*, 977 S.W.2d 379, 380 (Tex.Crim.App.1998). An objection of this nature must be made in the trial court to preserve error, if any, and allow appropriate corrective action to be taken, if necessary. *See Id.* at 380-81. In the absence of such an objection, a court of appeals will presume that a visiting judge was duly appointed and in regular discharge of his duties under section 74.056. *See Rivera v. State*, 981 S.W.2d 336, 341 (Tex. App.-Houston [14th Dist.] 1998, no pet.) (citations omitted).

At the time of the hearing, Appellant did not object to Judge Ramsay's authority to hear cases based on improper assignment under TEX. GOVT. CODE § 74.056. Accordingly, he may not do so now, and this Court should presume that Judge Ramsay was duly appointed and in regular discharge of his duties under section 74.056. *Rivera*, 981 S.W.2d at 341.

Further, Appellant makes his argument without any citation to the record showing that Mr. Vavra performed any action that was improper[12], or that Judge Ramsay was not properly assigned to the 200th Judicial District Court of Travis

---

[12] To the extent that Appellant suggests that the Court Administrator may not assign a matter to a judge, "most civil cases in Travis County are assigned to a central docket, and each hearing in the case may be heard by any judge." *Wakefield v. British Medical Journal Publishing Group, Ltd.*, 449 S.W.3d 172, (Tex. App.–Austin, September 19, 2014, no pet.). Further, the Local Rules lay out the different methods of Notice provided to parties regarding Visiting Judge Assignment and states the proper procedure for objecting. TRAVIS COUNTY DISTRICT COURT LOCAL RULE 3.9.

County, Texas on August 19, 2014. In the absence of arguments or citations to the record or relevant legal authority, this portion of Appellant's argument is inadequately briefed and should not be considered. *See* TEX. R. APP. P. 38.1; *see also, e.g., Chambers v. Equity Bank, SSB*, 319 S.W.3d 892, 900 (Tex. App.—Texarkana 2010); *Little–Tex Insul. Co*., 39 S.W.3d at 598 n. 1.

To the extent that Appellant suggests that he may bring this argument at any time, he would be incorrect there as well. While disqualification of a judge pursuant to Rule 18b(a) may be raised for the first time on appeal[13], Appellant has provided no evidence or argument that Judge Ramsay served as a lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter; Judge Ramsay had an individual or fiduciary interest in the subject matter in controversy; or that any of the parties are related to Judge Ramsay by affinity or consanguinity within the third degree. Tex. R. Civ. P. 18b(a).

To summarize, Appellant has failed to preserve this issue for appellate review, has not adequately briefed it even if it were preserved, and identifies nothing in the record to support any impropriety in the assignment of Judge Ramsay to the 200th District Court on the date in question, or any impropriety in

---

[13] *See, e.g., Gulf Marine Warehouse Co. v. Towers*, 858 S.W.2d 556, 559 (Tex. App.-Beaumont 1993, writ denied).

the administrative process assigning this matter to that court on August 19, 2014.

This issue must be denied and the decision of the Trial Court affirmed.

## ISSUE FOUR

**Issues Regarding Judges David Phillips and Stephen Yelenosky are Moot.**

In his Fourth Issue, Appellant asks this Court to vacate orders of recusal and referral by two judges who did not hear any matter in this litigation. [Appellant's Brief, pages 30-33]. In light of the Nonsuit that Appellant filed and in light of the fact that Judge Ramsay entered the Order which Appellant appeals [CR 547-555; 3 RR 1 and 59:10-11], and not Judges Phillips or Yelenosky, there are no matters remaining that would be affected by the vacating of orders entered by Judges Phillips and Yelenosky, rendering the topic moot.

## ISSUE FIVE

**The Trial Court Did not Abuse its Discretion in Hearing this Matter Despite the Motion to Recuse.**

In his Fifth Issue, Appellant makes two unrelated arguments and mashes them together. First, Appellant argues that Judge Charles Ramsay could not entertain a hearing on Ms. Willing's Motion to Declare Eric Drake a Vexatious Litigant, pursuant to TEX. R. CIV. P. 18a and 18b. Second, Appellant argues that a procedural defect bars consideration of the Motion to Declare Eric Drake a Vexatious Litigant. Ms. Willing will address each separately:

37

**1. Good Cause to Hear the Matter, Despite the Motion to Recuse**

In making this argument, Appellant ignores the fact that Judge Ramsay was not the subject of any pending motion for recusal, and in his presentation of the Rule, Appellant intentionally omits the legal basis under which Judge Ramsay entered his order, attempts to recuse other judges notwithstanding.

"A party who fails to file a motion which complies with Rule 18a waives the right to complain of a judge's refusal to recuse himself." *Spiegner v. Wallis*, 80 S.W.3d 174, 180 (Tex.App.-Waco 2002). Because Appellant never filed a motion to recuse Judge Ramsay, as a matter of law, Judge Ramsay was not obligated to recuse himself. *See Barron v. State of Tex. Att'y Gen.*, 108 S.W.3d 379, 383 (Tex.App.-Tyler 2003) (holding that trial judge was not obligated to recuse or refer until party filed formal timely, written, and verified motion to recuse); *see also Spiegner*, 80 S.W.3d at 180.

In is uncontested by either party that on August 7, 2014, Appellant filed a motion to recuse specific judges in Travis County, and that on that same date, Appellant filed a Motion to Nonsuit. [CR 521 and 527]. It is uncontested by either party that Judge Ramsay was not listed among the judges Appellant sought to recuse. [CR 522].

As a threshold matter, Appellant has not presented any legal basis for the position that a judge who is not the subject of a motion to recuse must take no

action in a case. Even if Judge Ramsay were named in the Motion to Recuse, TEX. R. CIV. P. 18a(f)(2)(A) provides that a judge subject to a motion to recuse may hear a matter under certain conditions.

In presenting Rule 18a "in pertinent part," Appellant blatantly misrepresents the Rule, stating that Rule 18a(f)(2)(A) says: "Motion Filed Before Evidence Offered at Trial. If a motion is filed before evidence has been offered at trial, the respondent judge must take no further action in the case until the motion has been decided." [Appellant's Brief, page 34]. In using a period after the word "decided," Appellant seeks to mislead this Court into thinking that the sentence ends there. In fact, that section of the Rule reads as follows:

> (2) Restrictions on Further Action.
> (A) Motion Filed Before Evidence Offered at Trial. If a motion is filed before evidence has been offered at trial, the respondent judge must take no further action in the case until the motion has been decided, **except for good cause stated in writing or on the record.**

Rule 18a (f)(2)(A)(emphasis added).

The "good cause" required by rule 18a concerns a justification for the challenged judge to act at a specific time rather than waiting for the appropriate judge to act at another time. *See Mann v. Denton County*, 14 WL 5089189 *3[14] (Tex.App.-Fort Worth, October 09, 2014)(pet. denied).

---

[14] This case is publicly available online on March 27, 2015, at http://www.search.txcourts.gov/SearchMedia.aspx?MediaVersionID=828ada3e-02fb-4572-967c-

Ms. Willing presented the Trial Court with case law that is on point in this matter, *Watkins v. Pearson*, 795 S.W.2d 257, 260 (Tex. App.-Houston [14th Dist.] 1990, writ denied). {3 RR 15:12-21]. In *Watkins v. Pearson*, the 14th Court of Appeals upheld a trial court's orders on summary judgment and sanctions despite a pending motion to recuse, because the court found that good cause existed that was stated in the order, specifically "the motion for recusal was found to be untimely filed, not in conformity with the rules, and brought without sufficient cause and solely for the purpose of delay." *Id.* Because the record contained substantial information which could support he judge's conclusions as to delay, his finding of "good cause" was not an abuse of discretion. *Id.*

In the instant case, Ms. Willing presented her good cause to the Trial Court in the hearing. [3 RR 15:22-23:4 and 4 RR 11-12]. There were two motions on file to declare Appellant a vexatious litigant. [CR 61 and 263]. Appellant was notified that the hearings on these motions were scheduled for August 19, 2014. [CR 199, 508 and 517]. On August 7, 2014, Appellant filed a Motion to Nonsuit and a motion to recuse specific judges in Travis County. [CR 521 and 527]. Even though the motion to recuse was based on the following: "The defendants filed a motion to quash and the trial court has granted the defendants motions…" which Appellant disagreed with. [CR 521, ¶ 4]. Because of this, Appellant alleges that

68c63d87039b&coa=coa02&DT=Opinion&MediaID=18981ecb-5ea5-45ed-904b-7a8ead6b8b9d. The description of "good cause" is on page 7 of that document.

he could not get a fair and impartial hearing from any judge in Travis County. [CR 522, ¶¶ 3-4]. As with the *Watkins* motion, the motion to recuse in this case was not in conformity with the rules, and was in fact defective on its face as the sole complaint was the ruling of a judge. TEX. R. CIV. P. 18a(a)(3) (stating that such a motion "must not be based solely on the judge's rulings in the case…" Like in *Watkins*, it was brought "without sufficient cause." *Watkins*, 795 S.W.2d at 260. As in the *Watkins* case, Appellant's Motion to Recuse was filed solely for the purpose of delay, to allow the Trial Court's plenary jurisdiction to expire[15] before considering Appellant as a vexatious litigant. The Trial Court could certainly infer such a purpose from the filing of the Nonsuit and Motion to Recuse on the same date. Indeed, in his Motion for Nonsuit, Appellant makes specific reference to the "motions to determine the Plaintiff as a vexatious litigate (sic)…" [CR 527, ¶ 1]. Allowing Appellant to evade consideration of the Motion to Declare Eric Drake a Vexatious Litigant by allowing him to use the motion to recuse to preclude action until Trial Court lost plenary jurisdiction would violate the purpose of the vexatious litigant statute, which is to prevent such abuse of the judicial system by *pro se* litigants[16]. Moreover, the Trial Court was presented with additional

---

[15] The Motion for Non-Suit began the 30 day plenary jurisdiction of the trial court. [CR 547, ¶ 3].

[16] In enacting Chapter 11 of the Texas Civil Practice and Remedies Code, Texas legislature sought to strike a balance between Texans' right of access to their courts and the public interest in protecting defendants from those who abuse the Texas court system by systematically filing

evidence of Appellant's bad faith in his vexatious filings, when Appellant sent letters threatening litigation against the spouses of state officials solely for the purpose of avoiding the immunity afforded to such officials. [4 RR 11-12; 3 RR 20:17-21:24].

Appellant did not refute any of these matters demonstrated by Ms. Willing in her hearing, nor did he refute them in any of his subsequent written responses to her motion. [CR 556, 564, and 572].

These arguments, and the related documents and filings, were presented to the Trial Court. The Trial Court considered the documents, filings, and all arguments of parties, and found that good cause existed, entering that finding and the basis for it in writing on the face of the order, in compliance with TEX. R. CIV. P. 18a(f)(2)(A).

### 2. Alleged Procedural Defect Does Not Bar the Motion

Appellant argues again that the Court Administrator could not assign Judge Ramsay to hear the matter. [Appellant's Brief, page 40 and 45]. That argument is addressed in response to Issue Three, *supra*. Appellant then argues that the failure

---

lawsuits with little or no merit. *Drum v. Calhoun*, 299 S.W.3d 360, 364 (Tex.App.-Dallas 2009, pet. denied). Additionally, purpose of the statute is to make it possible for courts to control their dockets rather than permitting courts to be burdened with repeated filings of frivolous and malicious litigation by litigants without hope of success while, at the same time, providing protections for litigants' constitutional rights to open courts when they have genuine claims that can survive the scrutiny of the administrative judge and the posting of security to protect defendants. *In re Potts*, 399 S.W.3d 685, 688 (Tex.App.Houston [14th Dist.] 2013, orig. proceeding) *citing In re Potts*, 357 S.W.3d 766, 768 (Tex.App.-Houston [14th Dist.] 2011, orig. proceeding).

42

to confer with Appellant prior to the filing of the Motion to Declare Eric Drake a Vexatious Litigant precluded the Trial Court from considering the matter on August 19, 2014. [Appellant's Brief, page 45-46].

Appellant does not identify what specific Local Rule or Texas Rule of Civil Procedure would indicate such an argument. He does not provide any case law supporting such an argument. In the absence of arguments or citations to the record or relevant legal authority, this portion of Appellant's argument is inadequately briefed and should not be considered. See TEX. R. APP. P. 38.1; *see also, e.g., Chambers*, 319 S.W.3d at 900; *Little–Tex*, 39 S.W.3d at 598 n. 1. Ms. Willing is not placed on sufficient notice to identify what Rule is alleged to have been violated.

Significantly, Appellant has never articulated any prejudice or harm he suffered as a result or any alleged procedural defect. Not at the hearing, and not in his Appellant's Brief. Appellant does not inform this Court that he asked for a hearing to address claims he was a vexatious litigant. [CR 177, ¶ 13].

The record is clear that counsel for Ms. Willing attempted to cure any potential defect by conferring with Appellant on August 7, 2014[17], ensuring that he

---

[17]   Later in his Appellant's Brief [page 60], Appellant identifies two typographical errors in the Certificate of Conference in suggesting counsel for Ms. Willing committed "perjury": the use of "p.m." instead of "a.m." and the date August 6 instead of August 7. Both typographical errors do appear on that pleading. [CR 518]. At the hearing, counsel clarified any confusion by indicating that he spoke with Appellant on August 7. [3 RR 45:15-25].

was opposed to the Motion to Declare Eric Drake a Vexatious Litigant and that he was aware of the hearing on August 19, 2014, and would be in attendance. [CR 517-18]. This was in addition to the other Notice of Hearing provided to Appellant. [CR 508]. This was all brought to the attention of the Trial Court. [*See, e.g.*, 3 RR 44:25-45:25]. Nothing in Appellant's Brief supports his suggestion that a Travis County Local Rule precluded Judge Ramsay from conducting the hearing on August 19, 2014, or that it was an abuse of discretion based on a Local Rule.

## ISSUE SIX

**Judge Charles Ramsay did not abuse his discretion in hearing the August 19, 2014 based on his status as an assigned judge.**

In his Sixth Issue, Appellant repeats the argument from Issue One. Ms. Willing has addressed that *supra*.

## ISSUE SEVEN

**The Trial Court did not abuse its discretion in signing the order declaring the Appellant as a vexatious litigant.**

In his Seventh Issue, Appellant argues that counsel for Ms. Willing committed fraud on the Trial Court to secure the Order Declaring Plaintiff a Vexatious Litigant. Appellant's sole allegation of fraud is related to statements that counsel for Ms. Willing conferred with Appellant on August 7, 2014, as discussed *supra*. Appellant then leaps to the unsupported conclusion that this

44

means that the Order in question was obtained by fraud. Appellant does not present any case law or authority to support his argument. The Order does not indicate that Judge Ramsay relied on the conferring of August 7 in making his ruling on August 19, 2014. [CR 547-55].

With respect to Appellant's allegations that the representation that counsel conferred with him on August 7, 2014 is false, Appellant is incorrect. The Trial Court heard the arguments and statements of parties in the hearing. As fact finder, The Trial Court is the sole judge of witness credibility and the weight to give to the testimony and reviewed the pleadings on file. *City of Keller*, 168 S.W.3d at 819. There is nothing to indicate that this was a factor in making his decision to enter the Order.

Nothing in the record indicates that the Order was signed based on attempts to confer. Accordingly, the Order should be affirmed.

## ISSUE EIGHT

**Appellant's Right to Due Process Was Not Violated.**

In his Eighth Issue, Appellant argues that his right to due process was violated because he was not allowed to take discovery depositions before the hearing on the Motion to Declare Eric Drake a Vexatious Litigant.

As a threshold matter, a distinction is needed between Appellant's failure to call witnesses at his hearing and his attempt to take discovery depositions.

45

Appellant specifically asked for an evidentiary hearing regarding (among other, unspecified things) the suggestion that he was a vexatious litigant. [CR 217-218]. Appellant expressly indicated that he intended to call live witnesses at such a hearing, and not rely on deposition testimony. [CR 217, ¶ 2]. It is clear from Appellant's own filing that he knows the difference between a live witness called at a hearing and a deposition. When a party indicates that it plans to call a witness in a hearing, but never actually attempts to call the witness, that party may not complain about the lack of witness testimony on appeal. *Wild Rose Rescue Ranch v. City of Whitehouse*, 373 S.W.3d 211, 217–18 (Tex.App.-Tyler 2012, no pet.) ("To complain on appeal that the trial court erroneously excluded evidence, [the appellant] must have offered the evidence during trial and obtained an adverse ruling from the trial court.").

Appellant appeared at the hearing on August 19, 2014[18]. [3 RR 2]. At 8:06 a.m. on that date, Appellant filed "Plaintiffs Response to Defendants Attempts to

---

[18]  Although Appellant seeks to suggest to this Court that he was unaware of the hearing to declare him a vexatious litigant on August 19, 2014, [Appellant's Brief, page 30: "To Appellant's surprise, Appellee Willing motion to declare him as a vexatious litigate was still going to be heard…"], this is demonstrably false, as Appellant judicially admitted that he was aware of the hearing on that date. [CR 556, ¶ 1]. He was not so surprised that he was unable to file a typed response at 8:07 a.m. on that date, some 4 ½ hours before the entry of the order. *Compare* CR 556 with 547.

Declare Him as a Vexatious Litigate." [CR556]. He did not seek a continuance[19]. Appellant made no attempt to call a single witness to testify.

Rather than actually attempt to call a single witness, Appellant argued on the record that he was prevented from calling witnesses because parties had previously moved to quash discovery depositions[20]. [3 RR 31:8-22].

There is nothing in the record to suggest that Appellant filed a motion to compel testimony related to the hearing he requested [CR 217-218] and that was noticed [CR 508 and 517] regarding his status as a vexatious litigant. By Appellant's own judicial admission, the only attempt to compel the deposition testimony was in response to venue matters and NOT to compel testimony regarding his status as a vexatious litigant. [CR 219]. By Appellant's own admission, "Plaintiff has requested these depositions in support of his opposition to defendant's motions to transfer venue" [CR 220, ¶ 5] (emphasis added). The hearing on Appellant's motion to compel could not go forward, as all actions other than those related to the vexatious litigant motion were stayed, pursuant to TEX. CIV. PRAC. & REM. CODE §11.052 [2 RR 12:14-22; CR 256-57 and 520].

---

[19] Appellant states that he filed a motion for continuance with respect to the vexatious litigant hearing, but the record does not support his statement. The only continuance sought by Appellant was related to a motion to transfer venue. [CR 206]. At the hearing, Appellant did not seek a continuance. [3 RR].

[20] Although Appellant leads the Court to believe he sought only "very limited discovery by oral depositions" [CR 207, ¶ 6], he was actually seeking to depose each of the noticed parties for "about 6 hours." [CR 165, 167, 169 and 171].

Further, Appellant does not inform the Trial Court of any testimony he sought to present at the hearing, had any witnesses been called. While he suggests that they might have presented evidence to show there was a reasonable probability he would prevail in his litigation against Ms. Willing [Appellant's Brief, page 62], this argument ignores the actual basis for Judge Ramsay determining there was no such probability.

In reality, no witness testimony would have been able to cure the jurisdictional defects in his pleadings, establish Appellant's standing to bring claims against Ms. Willing, or waive the sovereign immunity afforded to Ms. Willing. [CR 548 and 554].

As a side note, Appellant peripherally mentions objections to exhibits and the ruling on those objections. [Appellant's Brief, page 63]. The Court did, in fact, make rulings on his objections. [3 RR 26:2-6]. The ruling was correct. The objection to exhibits in the hearing [3 RR 26:1-5] is not specific regarding the basis for objection, nor is it specific about which particular exhibit is alleged to be objectionable. Appellant did not identify any Rule of Evidence on which he was relying, nor did he attempt to identify any way in which the exhibits were alleged to be defective. Because he did not make specific objections to specific exhibits, nor did he articulate the basis for a specific objection, his objections are not preserved for appeal. See TEX. R. APP. P. 33.1(a) (record must show timely,

specific objection and ruling to preserve error for appeal); TEX. R. EVID. 103(a)(1) (timely objection must appear of record stating specific ground of objection).

To summarize, although Appellant had previously indicated his intent to "call between 15 and 20 witnesses to put on the stand and cross-examine them" [CR 217, ¶ 2] at the hearing, he did not call a single witness, did not seek a continuance or to compel any witness for that hearing, and has never explained what witness testimony could create standing for him to bring claims against Ms. Willing or provide his pleadings with sufficient basis to demonstrate a waiver of her sovereign immunity.

Appellant's right to due process was not violated. This Court should affirm the Order at issue in this appeal.

## ISSUE NINE

**The Trial Court did not abuse its discretion in signing the August 19 Order rather than rule on other matters.**

In his Ninth Issue, Appellant argues that the Trial Court abused its discretion by ruling on the Motion to Declare Eric Drake a Vexatious Litigant before addressing motions to transfer venue, special exceptions, or other matters.

As a matter of law, the Trial Court was required to consider the Motion to Declare Eric Drake a Vexatious Litigant before <u>any</u> other matters. TEX. CIV. PRAC. & REM. CODE §11.052. This includes discovery not directly related to the vexatious litigant matter. *See, e.g., Drum v. Calhoun*, 299 S.W.3d 360, 369 (Tex.

49

App.-Dallas 2009, pet. denied) (holding that motions to compel discovery were properly stayed, pursuant to TEX. CIV. PRAC. & REM. CODE §11.052). The hearing on Appellant's motion to compel related to a motion to transfer venue could not go forward, as all actions other than those related to the vexatious litigant motion were stayed, pursuant to [2 RR 12:14-22; CR 256-57 and 520]. Indeed, the court could have entertained Ms. Willing's plea to the jurisdiction only after the vexatious litigant matter. TEX. CIV. PRAC. & REM. CODE §11.052.

Appellant argues that the Trial Court had to consider its jurisdiction prior to entering the August 19 Order. However, courts may enter orders finding a litigant vexatious and later address defects in subject matter jurisdiction. *See generally Clifton v. Walters*, 308 S.W.3d 94 (Tex. App.-Fort Worth 2010). Indeed, this Court has upheld vexatious litigant declarations based in relevant part upon lack of subject matter jurisdiction because of lack of standing. *See In re Kim*, No. 03–09–00113–CV, 2009 WL 1653856.

The Trial Court could have entertained the plea to the jurisdiction after the vexatious litigant matter was resolved, but Appellant nonsuited all of his claims [CR 527], so the Trial Court never ruled on the plea.

With respect to Appellant's argument regarding his motion to recuse, the Trial Court found that good cause existed to go forward on August 19, 2014, entering that finding and the basis for it in writing on the face of the order, in

50

compliance with Tex. R. Civ. P. 18a(f)(2)(A).  Further analysis of this is covered

in Issue Five, *supra*.

**ISSUE TEN**

**The Trial Court did not abuse its discretion in signing the August 19, 2014 order declaring Appellant vexatious because Ms. Willing's motion to declare Drake as a vexatious litigant was not procedurally defective.**

In his Tenth Issue, Appellant argues that three alleged procedural defects

precluded Judge Ramsay from entering the Order on August 19.

First, Appellant reargues his point about conferring, while again not

identifying any prejudice he suffered, or citing any specific Rule which was

alleged to have been violated.  This matter is more fully addressed in Issue Five,

*supra*.

Second, Appellant apparently believes that he was not provided time to

adequately respond to the Motion to Declare Eric Drake a Vexatious Litigant.  In

support of this, he argues that he had only 12 days of notice.  [Appellant's Brief,

page 69].  Appellant was served with a Notice of Hearing on August 5, and again

on August 7, 2014.  [CR 508 and 517].  The record thus shows Appellant received

notice between 12-14 days before the hearing on August 19, 2014.  Appellant

argues that summary judgment hearings must have 21 days of notice, pursuant to

an unspecified Rule of Civil Procedure[21].  He does not present any authority to

---

[21]  It's Tex. R. Civ. P. 166a (c).

51

suggest that this applies to motions under Chapter 11 of the TEX. CIV. PRAC. & REM. CODE. Generally, any motion to the court for an order and any notice of a hearing on a motion must be served upon the other party at least three days before the hearing. TEX. R. CIV. P. 21. Further, Appellant did not raise this issue with the Trial Court, during, the hearing or in any of his Responses. [3 RR 1; CR 556, 564, and 572]. He may not present it for review at this stage. *See* TEX. R. APP. P. 33.1(a); *see also Drum*, 299 S.W.3d at 370.

Finally, Appellant again argues that Judge Ramsay should have recused himself despite the fact that he was not named in the motion to recuse, and despite the findings that good cause existed to go forward on August 19, 2014, in compliance with TEX. R. CIV. P. 18a(f)(2)(A). Response to Appellant's argument about Judge Ramsay is addressed more completely in Issue Five, *supra*.

## ISSUE ELEVEN

**The Trial Court did not abuse its discretion in determining that sovereign immunity demonstrated that there was no reasonable probability that Appellant would prevail in the litigation against Ms. Willing.**

In his Eleventh Issue, Appellant argues that Ms. Willing does not enjoy sovereign immunity. This was discussed in response to Issue Two, *supra*. Again, Appellant's Issue Eleven in its entirety consists of arguments never presented to the Trial Court, despite Appellant's appearance at the hearing in question and three written responses on file. [3 RR 1; CR 556, 564, and 572]. Appellant did not raise

52

any argument related to Ms. Willing and her sovereign immunity before the Trial Court, and may not present it for review at this stage. *See* Tex. R. App. P. 33.1(a); see also *Drum*, 299 S.W.3d at 370 (holding that arguments by a vexatious litigant not raised in the trial court are not preserved for appellate review).

For the first time on appeal, Appellant argues that "his rights were violated by Willing pursuant to an unconstitutional law." [Appellant's Brief, page 73]. He does not identify any unconstitutional law, and there is no reference to an unconstitutional law in his Complaint. [CR 5, generally].

Appellant then raises arguments regarding the general waiver of sovereign immunity for injunctive relief sought against official capacity defendants. Appellant may not present this for review at this stage. *See* Tex. R. App. P. 33.1(a); see also *Drum*, 299 S.W.3d at 370. Even if he were able to do so, because Appellant did not plead a viable constitutional claim against Ms. Willing (including any protected right he alleges in the outcome of an administrative investigation), he may not rely on any waiver of Ms. Willing's sovereign immunity. *See generally Andrade*, 345 S.W.3d at 11 (official retained immunity from suit unless plaintiffs pleaded "viable claim"); *Printing Indus. Assoc. of Tex.*, 600 S.W.2d at 265; *City of Paris v. Abbott*, 360 S.W.3d at 583. Further, although he suggests that he was complaining about Ms. Willing failing to perform her ministerial duty [Appellant's Brief, page 766], he was not asking the Trial Court to

compel her to perform such duties, but instead, to turn over the investigation to the Trial Court itself. [CR 40, second (c)]. Further, Appellant was not seeking prospective relief with respect to the complaint he made, but wanted Ms. Willing to explain her actions to the Trial Court. [CR 43, ¶ 106]. Appellant does not have standing for any further declaratory or injunctive relief in the hypothetical or abstract future of investigations by Ms. Willing. Arguments related to sovereign immunity and standing are more fully briefed in response to Issue Two, *supra*.

Appellant also argues that Ms. Willing waived immunity by seeking to have him declared a vexatious litigant. He provides no legal authority supporting his position, and by not presenting any legal support, has inadequately briefed this matter. *See* TEX. R. APP. P. 38.1. As a matter of law, the Supreme Court held that even litigation initiated by a governmental entity does not waive sovereign immunity in general, but waives immunity only to the extent that the relief sought by a counterclaimant would offset affirmative, monetary relief sought by the governmental entity. *See Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 376-77 (Tex. 2006) ("*Reata II*"); *see also Manbeck v. Austin Indep. Sch. Dist.*, 381 S.W.3d 528, 533 (Tex., August 31, 2012) (per curiam) (holding that a governmental entity which availed itself of its statutory right, but never brought an affirmative claim for money damages retained immunity). Appellant does not

54

identify in the record any attempt by Ms. Willing to seek monetary relief from Appellant.

Finally, Appellant suggests that Ms. "Willing's counsel said in open court that Appellant was suing Appellee Willing in her individual capacity also…" [Appellant's Brief, page 78]. Appellant does not cite the relevant portion of the transcript, because this did not happen. The Reporter's Record does not contain such a statement. Indeed, although Appellant puts words in quotes, the word "Prayer" does not appear in the Reporter's Record, nor does reference to judgement against Defendants. In the transcript, the only references to judgments are as follows: a reference to a court having authority to vacate an order or judgment [3 RR 22:12-14] the fact that the 44th District Court had not reversed an order declaring Appellant to be a vexatious litigant, nor was the judgment reversed [3 RR 54:11-55:6, citing CR 467] and some judgments that identify Exhibits entered at the hearing. Appellant, however, asks this Court to order a court reporter to alter the transcript. [Appellant's Brief, page 78]. Appellant then proceeds to present argument about qualified immunity, which was not an issue, as he only brought claims against Ms. Willing in her official capacity, and never suggested otherwise until his Appellant's Brief.

Appellant's arguments may not be raised for the first time on appeal, and they are not availing even if he were allowed to do so. He has failed to meet his burden to prove that Judge Ramsay abused his discretion.

## PRAYER

Because Appellant did not appeal all of the independent reasons the Trial Court entered its Order and declared Eric Drake a vexatious litigant, and because he has waived appeal of those other reasons, the order of the Trial Court should be affirmed.

Even on the issues briefed by Appellant, the Trial Court was correct to hear the matter because good cause existed, in not hearing the matter would allow the Appellant to abuse the litigation process and evade the very purpose of the vexatious litigant statute. Additionally, Judge Ramsay was not named in the motion to recuse, which was facially defective and not in compliance with Rule 18a.

The Trial Court was also correct to enter its order finding Eric Drake a vexatious litigant because Ms. Willing was able to prove each necessary element of Tex. Civ. Prac. & Rem. Code § 11.054.

Accordingly, this Court should affirm the ruling of the Trial Court.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Defense
Litigation

ANGELA V. COLMENERO
Chief–General Litigation Division


/s/ Scot M. Graydon
Scot M. Graydon
Assistant Attorney General
State Bar No. 24002175
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 - facsimile

*ATTORNEYS FOR APPELLEE SEANA
WILLING*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was sent via *regular mail* and *certified mail, return receipt requested* on April 1, 2015 to:

Eric Drake
PO Box 833688
Richardson, Texas 75083
*Pro Se* Appellant

<span style="margin-left:50%">/s/ Scot M. Graydon</span>
<span style="margin-left:50%">Scot M. Graydon</span>
<span style="margin-left:50%">Assistant Attorney General</span>

# CERTIFICATE OF COMPLIANCE

Pursuant to TRAP 9.4(i)(3), the undersigned Assistant Attorney General hereby certifies that the preceding document complies with the type-volume limits in TRAP 9.4.

1.      Excluding the exempted portions in TRAP 9.4(i)(1), the brief contains: 12,714 words[22], and

2.      This brief has been prepared using:
        Word in 14 pt Times New Roman conventional typeface Font with 12 pt footnotes.

The undersigned understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in TRAP 9.4, may result in the court's striking the brief and prohibiting the party from filing further documents of the same kind.

/s/ Scot M. Graydon
Scot M. Graydon
Assistant Attorney General

---

[22] Word count was calculated using "Word Counter," using "Word Counter," an Add-on Tool for Adobe Acrobat.